IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT J. TRETOLA,**

      **Plaintiff,**

                                                  Case No. 2:14-cv-576
   v.                                        JUDGE GREGORY L. FROST
                                                  Magistrate Judge Terence P. Kemp

**REBECCA L. TRETOLA, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion to dismiss filed by Defendant Sheila Minnich (ECF No. 4), a memorandum in opposition filed by Plaintiff, Robert J. Tretola ("Plaintiff Tretola") (ECF No. 6), a reply memorandum filed by Minnich (ECF No. 7), and a sur-reply filed by Plaintiff (ECF No. 8);[1]

(2) a motion to dismiss filed by Defendant Rebecca L. Tretola ("Defendant Tretola") (ECF No.9);

(3) a motion for leave to file an amended complaint filed by Plaintiff (ECF No. 11) and a memorandum in opposition filed by Defendant Minnich (ECF No. 12);

---

[1] Local Civil Rule 7.2(a)(2) contemplates three types of legal memoranda: a motion, a memorandum in opposition, and a reply memorandum. The rule provides that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Because Plaintiff filed his sur-reply memorandum without having obtained leave of court, this Court will not consider the document. (ECF No. 8.)

1

    (4) a second motion for leave to file an amended complaint filed by Plaintiff Tretola (ECF No. 14) and a combined memorandum in opposition filed by Defendant Tretola that targets both motions to amend (ECF No. 16); and

    (5) a document titled "Plaintiff's Reply to Defendant's Motion to Dismiss Plaintiff's Motion to Amend Complaint" filed by Plaintiff Tretola (ECF No. 13).[2]

For the reasons that follow, the Court **DENIES** the motions to amend (ECF Nos. 11 & 16) and **GRANTS** the motions to dismiss (ECF Nos. 4 & 9).

## I. Background

This case arises out of a divorce case in state court in Logan County, Ohio. In that case, Defendant Rebecca Tretola, represented by Defendant Sheila Minnich, an attorney, filed for divorce from Plaintiff, Dr. Robert Tretola. In what is his second federal case related to these state proceedings, Plaintiff Tretola alleges in his *pro se* complaint that Defendants have filed false affidavits with the state court, which he avers is biased against him, in order to procure half of his Social Security benefits. Plaintiff Tretola asserts claims for abuse of process, fraud, intentional infliction of emotional distress, and violation of his civil rights. (ECF No. 1 ¶¶ 5-8.)

Defendants have each filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF Nos. 4 & 9.) Plaintiff Tretola has in turn filed two motions to amend his original complaint. (ECF Nos. 11 & 14.) Briefing has closed on the motions, which are ripe for disposition.

---

[2] It is unclear whether Plaintiff Tretola intends for his September 16, 2014 filing to inform the motion to dismiss briefing in addition to the motion to amend briefing. Affording him some leniency due to his *pro se* status, the Court has construed the filing as applicable to all of the issues before this Court despite the fact that such a construction casts the filing in part as an additional, impermissible sur-reply.

## II.  Discussion

Defendants move this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1).  When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction.  *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996).  Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.  A facial attack on subject matter jurisdiction challenges whether a plaintiff has properly alleged a basis for proper subject matter jurisdiction, and a district court must regard the allegations of the complaint as true.  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction.  No presumptive truthfulness applies to the factual allegations, and a district court may weigh the evidence in ascertaining whether jurisdiction exists.  *Id*.  The motions present a facial attack on jurisdiction.

This Court can exercise jurisdiction based on diversity under 28 U.S.C. § 1332 or based on the existence of a federal question under 28 U.S.C. § 1331.  The former statute provides that district courts have subject-matter jurisdiction in an action that meets two basic conditions: (1) the amount in controversy must exceed $75,000, and (2) there must be complete diversity, meaning that no defendant is a citizen of the same state as the plaintiff.  28 U.S.C. § 1332.  This is problematic for Plaintiff Tretola because, as in his prior federal case, he again pleads Ohio addresses for himself and for Defendants.  Based on the addresses of the parties, no diversity jurisdiction exists.

In his complaint, Plaintiff Tretola pleads that this Court has jurisdiction because the state court action involves Social Security, which he describes as "a Federally mandated program executed by law by the Federal government created by the Congress of the United States."  (ECF

3

No. 1 ¶ 3.)  He also asserts that Defendants have violated his civil rights.  It thus appears Plaintiff Tretola is seeking to rely upon federal question jurisdiction.

28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction in "all civil actions arising under the Constitutions, laws, or treaties of the United States."  This standard is also problematic for Plaintiff Tretola, however, because he has failed to plead any federal claim that creates jurisdiction.  In his complaint, Plaintiff Tretola presents numerous state law claims and cites to several federal statutes: 18 U.S.C. § 242, 5 U.S.C. § 556(D), 5 U.S.C. § 557, and 5 U.S.C. § 706.  The state law claims of course cannot create federal jurisdiction, and none of the federal statutes provide for a private right of action against the named defendants, if against any possible defendant.  *See, e.g., Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) (upholding dismissal of a "claim pursuant to 18 U.S.C. § 242 because [a private citizen] has no private right of action pursuant to 18 U.S.C. § 242, a criminal statute").

The Court recognizes that Plaintiff Tretola's claim for "Civil Rights Violated" conceivably could implicate 42 U.S.C. § 1983.  (ECF No. 1 ¶ 8.)  But even if he intended to assert a claim under this statute, there are no factual allegations pled even suggesting that Defendants are the requisite state actors who might be subject to liability under § 1983.  There are also insufficient facts pled as opposed to conclusory speculation that they were part of a conspiracy with a state actor that would place them within the ambit of a § 1983 action.  A district court will assume original jurisdiction under § 1331 " 'only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.' "  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (quoting *Thornton v.*

*SW. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)).  Neither situation exists here.  There is thus also a lack of federal question jurisdiction.

Dismissal of the original complaint is warranted.  Moreover, neither of Plaintiff Tretola's two motions for leave to amend change the analysis leading to dismissal of his latest federal lawsuit.  It is not easily discernible whether Plaintiff Tretola intends for the motions to serve as new complaints or whether he is simply presenting arguments and allegations that he would incorporate into an amended pleading.  What is discernible is that none of the allegations set forth in the motions present new federal claims or alter the foregoing analysis.  Thus, to the extent that Plaintiff Tretola needs permission to amend his pleading, the Court denies such permission on the grounds of futility.  Although leave to amend should be given "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), a court need not grant a motion for leave to amend "where amendment would be futile."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Id.* (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).  None of the additional content cures the original complaint defects and establishes jurisdiction so as to survive dismissal.

Finally, even if jurisdiction existed, the Court notes, as it did in the prior case, that it is questionable whether this Court should proceed in entertaining this matter under the *Younger* abstention doctrine.  This doctrine "prevents federal courts from interfering with ongoing state proceedings 'when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied relief.' "  *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998) (quoting *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)).  It is applicable when a state

proceeding "(1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff adequate opportunity to raise constitutional claims." *Id.* at 1074.

Here, it is arguably again unclear whether Plaintiff Tretola asks this Court to involve itself in the ongoing state court case.  A fair reading of his newest complaint suggests, however, that what Plaintiff Tretola wants is for this Court to disturb the state court's decisions and inject itself into his divorce proceedings because he "has lost all confidence in the legal system in Ohio."  (ECF No. 1 ¶ 4.)  Such an invitation is improper.  The divorce is apparently still pending in the state court system.  Divorce and property division have been held to be important state interests.  *See Milgrom v. Burstein*, 374 F. Supp.2d 523, 530 (E.D. Ky. 2005) (citing *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995)).  Further, there is nothing to suggest that Plaintiff Tretola cannot raise his due process concerns in the state forum (and in the state court of appeals, if necessary); he just does not have faith in Ohio's courts.  Therefore, even if this Court were to assume *arguendo* that jurisdiction exists, the fact that part of the relief that Plaintiff Tretola apparently seeks would intrude upon the state court proceedings would lead this Court to decline to exercise jurisdiction.

### III.     Conclusion

For the reasons that follow, the Court **DENIES** the motions to amend (ECF Nos. 11 & 14) and **GRANTS** the motions to dismiss (ECF Nos. 4 & 9).  The Clerk shall enter judgment accordingly and terminate this case on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE